IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TRACEY GRAGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-3115 |
| | ) | |
| McDONALD'S CORPORATION, | ) | |
| KAREN JEFFERS AND | ) | |
| CHRIS JEFFERS, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Tracey Gragg's Application to Proceed in District Court Without Prepayment of Fees or Costs (d/e 2) (Motion). For the reasons set forth below, this Court recommends that the Motion should be DENIED, the federal claims should be DISMISSED with prejudice, and the state law claims should be DISMISSED without prejudice for lack of jurisdiction.

Gragg alleges that Defendants Karen and Chris Jeffers are either employed by, or are the owners of, Defendant McDonald's Corporation. Gragg alleges that Defendants posted a sign in its Springfield, Illinois, McDonald's restaurants (Restaurants) which states, "Lovin' every second. No loitering please. Time limit: 30 Minutes While Consuming Food. Your

Cooperation is Appreciated." Complaint for Violation of Constitutional rights (d/e 1) (Complaint), at 2, and attached copy of Defendant's sign. Gragg alleges that the 30 minute policy (Policy) discriminates against homeless people. She further alleges that her husband cannot eat in thirty minutes because he is blind. Gragg does not allege whether she and her husband are homeless. She alleges that April 21st at 6:30 am she and her husband went to one of the Restaurants in Springfield to eat breakfast.[1] She alleges that she and her husband were ordered to leave after they stayed for thirty minutes. Complaint, at 2-3.

Based on these allegations, Gragg alleges claims under 42 U.S.C. § 1983, 1985, 1986. Complaint, at 1. Gragg also alleges state law claims for violations of many provisions of the Illinois Human Rights Act, ILCS 5/1-101 et seq. See Complaint, at 2-3.

## ANALYSIS

This Court must dismiss a case brought under a request to proceed without prepayment of fees or costs if the plaintiff fails to state a claim on which relief may be granted. 18 U.S.C. § 1915(e)(2)(B)(ii). Gragg's federal claims should be dismissed because they fail to state a claim.

---

[1] Gragg did not allege the year that the events occurred.

Gragg alleges claims under §§ 1983, 1985, and 1986.  Section 1983 authorizes a claim against a person who, under color of law, violates an individual's rights guaranteed by the Federal Constitution or laws.  42 U.S.C. § 1983.  Gragg does not state a claim under § 1983 because she does not allege that Defendants acted under color of law.  Defendants operate a private business and are not state actors.  Gragg does not allege that Defendants acted under circumstances that would make their actions under color or law.  See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7, 570 F.3d 811, 815 (7th Cir. 2009).  Gragg fails to state a claim under § 1983.

Section 1985 prohibits conspiracies to violate an individual's right to equal protection under the law.  Gragg fails to allege a conspiracy.  A conspiracy is an agreement between two or more separate parties to commit an act.  Gragg alleges that Defendants Karen and Chris Jeffers are either employed by, or are the owners of, Defendant McDonald's Corporation.  Gragg alleges that they established the Policy.  For purposes of § 1985, the managers of a corporation cannot conspire with the corporation.  See Hartman v. Board of Trustees of Community College Dist. No. 508, Cook County, Illinois,
4 F.3d 465, 469 (7th Cir. 1993).

Moreover, § 1985 does not apply to claims of "conspiracies motivated by bias towards others on account of economic . . . status, or activities." United Brotherhood of Carpenters and Joiners of America, Local 610, AFT-CIO v. Scott, 463 U.S. 825, 837 (1983). Gragg alleges a conspiracy motivated by bias based on the economic status of homelessness and by the economic activity of purchasing and eating a meal in a restaurant. Section 1985 does not apply even if Gragg could allege a conspiracy. Gragg fails to state a claim under § 1985.

Section 1986 establishes liability for a person who knew of a conspiracy prohibited by §1985, had the power to aid or prevent the violation, and failed to act. 42 U.S.C. § 1986. Section 1986 cannot be violated unless § 1985 was violated. See Preddie v. Bartholomew Consolidated School Corp., 799 F. 3d 806, 819-20 (7TH Cir. 2015). Gragg failed to allege a violation of § 1985 and so failed to allege a violation of § 1986. Gragg fails to state a federal claim.

Gragg alleges several state law claims. This Court should decline to exercise supplemental jurisdiction over these claims. Generally, this Court declines to exercise supplemental jurisdiction over state law claims when a plaintiff fails to state a claim that invokes this Court's original jurisdiction.

28 U.S.C. § 1367(c)(3); <u>Burritt v. Ditlefsen</u>, 807 F.3d 239, 252 (7th Cir. 2015). A plaintiff may pursue those claims in state court.

THEREFORE, THIS COURT RECOMMENDS pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) should be DENIED, that the federal claims brought under 42 U.S.C. § 1983, 1985, and 1986 should be DISMISSED with prejudice, and that her state law claims should be DISMISSED without prejudice for lack of jurisdiction.

The Plaintiff Gragg is advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. <u>See</u> <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). <u>See</u> <u>Local Rule</u> 72.2.

ENTER: May 1, 2017

                          *s/ Tom Schanzle-Haskins*
                         UNITED STATES MAGISTRATE JUDGE