E-FILED
Friday, 23 June, 2017 10:31:48 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TRACEY M. GRAGG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cv-03115 |
| ) | |
| MCDONALD'S CORPORATION, ) | |
| KAREN JEFFERS, and CHRIS ) | |
| JEFFERS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 3). Judge Schanzle-Haskins recommends that this Court (1) deny Plaintiff Tracey M. Gragg's Application to Proceed in District Court Without Prepaying Fees and Costs (d/e 2); (2) dismiss, with prejudice, Plaintiff's federal claims brought under 42 U.S.C. §§ 1983, 1985, and 1986; and (3) dismiss, without prejudice, Plaintiff's state-law claims.

The Report and Recommendation, which Judge Schanzle-Haskins entered on May 1, 2017, noted that objections were due 14

Page **1** of **4**

days after service of the Report and Recommendation. Because the Report and Recommendation was mailed to Plaintiff, she had until May 18, 2017, to file objections. See Fed. R. Civ. P. 6(d) (giving a party served through the mail an additional three days to act). To date, Plaintiff has filed no objections to the Report and Recommendation.

With respect to the Report and Recommendation, this Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court reviews de novo any part of the Report and Recommendation to which a proper objection has been made. Id. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (also noting that a party who fails to object to the report and recommendation waives appellate review of the factual and legal questions).

In the Report and Recommendation, Judge Schanzle-Haskins made several findings. First, Plaintiff failed to state a claim under 28 U.S.C. § 1983 in her Complaint for Violation of Constitutional

Rights (d/e 1) because Plaintiff did not allege that Defendants acted under color of law. Second, Plaintiff failed to state a claim under 28 U.S.C. § 1985 because she failed to allege a conspiracy and, even if she had, it would have been a conspiracy motivated by her economic status, something the statute does not prohibit. See <u>United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott</u>, 463 U.S. 825, 837 (1983). Third, Plaintiff failed to state a claim under 28 U.S.C. § 1986 because a violation of that statute depends on a violation of 28 U.S.C. § 1985 and Plaintiff did not state a claim under the latter statute.

After reviewing Plaintiff's Complaint for Violation of Constitutional Rights, the Report and Recommendation, and the applicable law, this Court finds no clear error in the Report and Recommendation.

**IT IS THEREFORE ORDERED THAT:**

**(1) The Report and Recommendation (d/e 3) is ADOPTED in its entirety, with the caveat that Plaintiff's federal claims will be dismissed without, not with, prejudice.**

**(2) Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs (d/e 2) is DENIED.**

(3)     Plaintiff's federal claims brought under 42 U.S.C. §§ 1983, 1985, and 1986 are DISMISSED WITHOUT PREJUDICE.

(4)     Plaintiff's state-law claims are DISMISSED WITHOUT PREJUDICE.

(5)     THIS CASE IS CLOSED.

ENTER: June 22, 2017.

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE